IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 3:10CR170–23–HEH |
| ) | |
| LESLIE WERTH ) | |

## MEMORANDUM OPINION
### (Denying Sentence Reduction Motion)

Leslie Werth, a federal prisoner proceeding *pro se*, filed a "Sentence Reduction Motion Based On The Supreme Court Decision *Alleyne v. United States*, 133 S. Ct. 2151 ([ ] 2013)" ("Sentence Reduction Motion," ECF No. 1043.) Werth argues for a sentence reduction under 18 U.S.C. § 3582 pursuant to *Alleyne*. (Mot. 1.) Werth contends that *Alleyne* entitles him to "a sentence reduction to correct a sentence anomaly that was based on the preponderance of the evidence scheme, [sic] that was used to enhance Petitioner fifty to sixty four months on an acquittal count that was found by a reasonable doubt, that Petitioner was innocent of that count." (*Id.*) Werth fails to identify any portion of 18 U.S.C. § 3582(c) that authorizes a reduction in or alteration of his sentence at this time.

Once a defendant is sentenced, the Court has no inherent authority to reconsider the defendant's sentence. *See United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010) (quoting *United States v. Cunningham*, 554 F.3d 703, 708 (7th Cir. 2009)). To the extent Hargrove wishes to file a motion for a reduction in sentence under 18 U.S.C. § 3582, he may not raise challenges to his original sentence in such a motion. *See United*

States v. Dawkins, 535 F. App'x 307, 308 (4th Cir. 2013) (explaining that challenges to an original conviction and sentence "are not cognizable in a § 3582 proceeding" (citing United States v. Hernandez, 645 F.3d 709, 712 (5th Cir. 2011))). Motions made by defendants under 18 U.S.C. § 3582 may only raise issues related to retroactive amendments to the United States Sentencing Guidelines. See 18 U.S.C. § 3582(c)(2); United States v. Mann, 435 F. App'x 254, 255 (4th Cir. 2011)

At this late date, the Court has very limited jurisdiction to alter or correct a criminal conviction or sentence. A motion pursuant to 28 U.S.C. § 2255 provides the primary means of collateral attack on the imposition of a federal conviction and sentence. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (citing Cox v. Warden, Fed. Det. Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990)). If Werth wishes to invoke this Court's jurisdiction under 28 U.S.C. § 2255, he must do so unequivocally and in accordance with the rules governing such actions. Cf. United States v. Blackstock, 513 F.3d 128, 132-33 (4th Cir. 2008) (explaining that the district court must advise inmates of the consequences of filing a § 2255 motion prior to converting a mislabeled postconviction motion into a motion pursuant to § 2255). Any motion under 28 U.S.C. § 2255 must conform to the form prescribed by the rules governing such motions and be sworn to under penalty of perjury. See Rule 2(b), Rules Governing § 2255 Proceedings for the U.S. District Courts. The Court will process a request for relief under 28 U.S.C. § 2255 upon receipt from Werth of the properly completed forms seeking such relief.

Because Werth fails to identify any procedural vehicle which authorizes the action he seeks, his Sentence Reduction Motion (ECF No. 1043) will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

                                                                   /s/

Date: March 4, 2014                 HENRY E. HUDSON
Richmond, Virginia            UNITED STATES DISTRICT JUDGE

3